UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 12-22-JBC

PHILIP EDWARD BLAND, JR.,                                             PLAINTIFF,

V.                      MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                      DEFENDANT.

* * * * * * * * * * * *

This matter is before the court upon cross-motions for summary judgment on Bland's appeal of the Commissioner's denial of his applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 10, and deny Bland's motion, R. 8, because substantial evidence supports the administrative decision.

At the date of his applications for DIB and SSI, Bland was 46 years old, had a seventh-grade, or "limited," education and past relevant work as a construction worker, order filler, and fork lift operator. AR 375, 402. He alleged disability beginning January 3, 2009, due to heart and lung problems. AR 97. He filed his DIB application on March 20, 2009, followed by an SSI application on August 14, 2009, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Tommye C. Mangus determined that Bland was not disabled. AR 13-21, 79-80, 83.

Under the traditional five-step analysis, at 20 C.F.R. §§ 404.1520; 416.920, the ALJ found that Bland had not engaged in substantial gainful activity since January 3, 2009, the alleged onset date; that he had severe impairments consisting of hypertrophic cardiomyopathy, status post ablation and ICD (implantable cardioverter defibrillator) implant, mild chronic obstructive pulmonary disease, and degenerative changes of the lumbar spine; that his impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform light level work with no climbing of ladders, ropes, and scaffolds, no more than occasional climbing of stairs and ramps, no more than frequent stooping, kneeling, crouching, or crawling, and was precluded from work around hazards, exposure to temperature or humidity extremes or pulmonary irritants; and that, based on his RFC and the testimony of a Vocational Expert ("VE"), he was capable of returning to his past relevant work as an order filler as generally performed in the economy. AR 15-20. The ALJ thus denied Bland's claim for disability on September 13, 2010. AR 21. The Appeals Council declined to review, AR 5-8, and this action followed.

Bland's issues on review are: (1) that the ALJ failed to give appropriate weight to treating sources; and (2) that the ALJ's decision regarding his ability to perform past relevant work is not supported by substantial evidence.

The ALJ did not err in the weight given to treating sources. Although Bland was treated by several physicians, the only one who gave anything resembling an

opinion concerning his functional capacity was cardiologist John C. Gurley. At Bland's initial visit on March 4, 2009, Dr. Gurley noted that he was highly symptomatic with New York Heart Association functional class III exertional chest discomfort, dyspnea, and presyncope. AR 204. Dr. Gurley added that Bland "has been unable to work and his disability is legitimate." *Id.* Based on testing, Dr. Gurley recommended surgical release from a left ventricular outflow obstruction because of the disabling symptoms, and recommended an ICD (pacemaker) because of his history of syncope and a family history of sudden unexplained death. AR 205. On April 8, 2009, Dr. Gurley reported that Bland had a successful alcohol septal ablation procedure on March 6 and had the ICD implanted on March 30 in an uncomplicated procedure. AR 203. Bland denied any exertional chest discomfort, lightheadedness, or dyspnea and his examination was normal. Dr. Gurley concluded that the procedures had been successful and had resulted in the elimination of symptoms and most, if not all, of Bland's left ventricular outflow tract gradient at rest. Id. Bland later did report some chest pain and shortness of breath when mowing his lawn, but, after testing, Dr. Gurley stated that he was unsure of the cause and requested that Bland give the procedure more time and gradually ease back into physical activity. AR 202.

Although the opinion of a treating physician is entitled to great weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case record, an opinion that a claimant is "disabled" is not considered to be a "medical opinion" under the

Commissioner's regulations. 20 C.F.R. §§ 404.1527(d)(2); 404.1527(e)(1); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984). Moreover, Dr. Gurley had seen Bland on only one occasion at the time he gave his opinion and subsequently performed "successful" procedures to alleviate his symptoms. Although Bland later complained of some recurrence of symptoms, Dr. Gurley stated that he could not find an explanation. Therefore, even if his original opinion that Bland had a legitimate disability were entitled to any weight, it was undermined by the subsequent successful procedures and the indication that he could not explain continuing symptoms. For all these reasons, there was no error in dealing with the treating source opinion.

Subsequent medical treatments for cardiac complaints do not bolster Bland's case. He was admitted to Corbin Baptist Hospital in October 2009 with complaints of chest pain, but a myocardial infarction was ruled out, and detailed testing showed no evidence of ischemia. Cardiologist Anantha Krishna concluded that his chest pain was non-cardiac and possibly due to reflux disease. Dr. Krishna started Bland on the heartburn drug Prilosec, advised him to stop smoking, and permitted him to perform activities "as tolerated." AR 229. Further treatment involved adjustments to his pacemaker for episodes of tachycardia, but no functional restrictions were imposed. AR 346, 361.

Bland argues that the ALJ erred in giving weight to an RFC assessment provided by an unnamed consultant who "examined" him on October 16, 2009, because he later received additional treatment. This is presumably a reference to

4

an opinion given by a *non*-examining agency source, Dr. P. Saranga, on October 16, 2009. AR 220-26. The ALJ stated that she gave *some* weight to restrictions provided by a state agency reviewing source (also unnamed, but Dr. Saranga is the only such source in the record). However, the ALJ assessed additional restrictions based on the evidence and the testimony. AR 20. Since there was no acceptable medical opinion from a treating or examining source, the ALJ could reasonably have relied on Dr. Saranga's opinion, whether or not Bland received subsequent treatment. The case cited by Bland, *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985), is inapposite as it involved acceptance of opinions by consultants over *acceptable* medical opinions from treating sources. There was no acceptable treating source opinion in the present case; thus there was no error.

     Bland additionally argues that it was contradictory for the ALJ to find that he could perform his past relevant work as an order filler as it was performed in the national economy but not as he had actually performed it in his previous job. The finding was based on the specific testimony of the VE. AR 403. The Commissioner's regulations specifically state that it is the claimant's burden to show that he cannot perform his past relevant work "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. §§ 404.1560(b)(2); 416.920(b)(2); *see also Studaway v. Sec'y of Health and Human Servs.,* 815 F.2d 1074, 1076 (6th Cir. 1987). Bland failed to carry his burden, and the ALJ correctly terminated the sequential evaluation process at Step Four. There was no error.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Bland's motion for summary judgment, R. 8, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 10, is **GRANTED**.

The court will enter a separate judgment.

Signed on July 26, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY